## C. B. VONCANNON & CO. v. BURLESON and LAWS.

Eastern Section. May 21, 1927.

No petition for Certiorari was filed.

1. **Contracts. Time held the essence of the contract.**

    In an action to recover for the purchase price of certain lumber where the defendant alleged damages because of the failure to furnish the lumber at the time agreed upon, and the evidence showed that the plaintiff knew that defendant was under contract to finish a building at a specified time and that the lumber was purchased for that specific purpose, held that under the circumstances time was the essence of the contract.

2. **Set-off and counterclaim. Evidence. Evidence held to show that defendant's claim grew out of the same transaction and was properly one of set-off.**

    In an action to recover the purchase price of certain lumber where it was shown that the greater portion of the amount sued for was for lumber which was not furnished at time agreed upon, held that defendant could properly set off damages against account caused by failure to deliver the lumber on time.

3. **Set-off and counterclaim. Damages need not be liquidated to be subject of set-off and counterclaim.**

    Where the damages sought to be recovered in a set-off arose out of the same transaction on which the suit was founded, it is not necessary that they be liquidated, but it is sufficient if they are capable of computation with reasonable certainty and precision.

6 T. A.—24.

4. **Set-off and counterclaim. Defendant is entitled to judgment against complainant for excess of counterclaim.**

In an action to recover for the purchase price of certain lumber where the defendant filed a counterclaim for damages caused by failure to furnish the lumber at contract time, held that the defendant was entitled to a judgment for the excess of his damages over the balance of the account sued upon.

5. **Trial. Amendment. Amendment to pleadings is within the discretion of the trial court.**

Where the Chancellor allowed a party to file an amended exhibit, held that this amendment was a matter purely within the discretion of the Chancellor and would not be reviewed on appeal.

Appeal from Chancery Court, Washington County; Hon. S. E. Miller, Chancellor.

Affirmed.

Miller, Depew & Lee, of Johnson City, for appellant.

Miller & Winston, of Johnson City, for appellee.

THOMPSON, J. The complainant, C. B. Voncannon & Company, was a partnership composed of A. M. Scutt, C. B. Voncannon and J. Walter Wright, and was engaged in the sale of lumber and building materials at Johnson City. The defendant, Burleson & Laws, was a partnership composed of J. R. Burleson and F. E. Laws, and was engaged in the business of constructing and electing buildings, etc. Its office and principal place of business was at Johnson City.

The defendant from time to time bought, on open account but due sixty days after dates of purchases, lumber and building materials from complainant. The first purchase seems to have been on March 6, 1923, and the last on June 23, 1923—the total amounting to $1,440.31. On May 24, 1923, the defendant made a payment of $350 on its account with complainant. On July 11, 1923, defendant made another payment of $543.37, and on July 18, 1923, defendant made still another payment of $307.44. The three payments amounted to $1,200.81, and left a balance of $239.50 (with interest from August 23, 1923) due and owing on the account.

On January 28, 1925, complainant filed the bill in this cause to recover said balance and interest. The defendant filed an answer in which it admitted the correctness of the balance, etc., but averring that a part of the account sued upon was for heavy lumber which it had bought from complainant for use in the construction of a building which it had contracted to complete for one Watkins on or before July 16, 1923; that complainant had contracted and agreed to furnish this heavy lumber within thirty days; that complainant had failed to make the delivery within said time; that as a result thereof defendant had failed to complete said building within the contracted time; that Watkins had sued defendant and recovered judgment against it on account of said breach; that defendant had paid

said judgment and costs, amounting to $360.34; and that complainant was therefore indebted to defendant in said sum of $360.34, on account of its breach of contract with defendant to furnish said heavy timber within the time stipulated. The answer was filed as a cross-bill, and sought a recovery of $120 against complainant.

The complainant answered the cross-bill and denied that it agreed to deliver the heavy lumber within thirty days, etc., and that defendant had sustained any loss on account of any breach of contract on its (complainant's) part.

Upon the final hearing the Chancellor made a finding of facts, the material portions of which are as follows:

"The court is of the opinion and finds as a fact that cross-complainants, Burleson and Laws, entered into a contract with C. B. Voncannon & Company for delivery to them of certain heavy timbers necessary for the construction of the said Watkins Building and fully made known to the said complainant that if said heavy timbers were not delivered within thirty days that cross-complainants would be unable to keep and perform a certain construction contract which they had with the said Watkins, and which called for the completion of said building by a day certain; that under said timber contract time was of the essence of the agreement for delivery of the timber within thirty days; and the court finds it clear on the record that said timber contract or agreement was breached by the complainant, C. B. Voncannon & Co., said timbers not being delivered by them until some five or six weeks subsequent to the date specified in the contract upon which delivery was to have been made.

"While it is insisted by complainant that all of the material represented by their claim of $239.50 did not go into the construction of the Watkins building, the court finds as a fact that substantially all of the material represented by said charge was ordered for and used in the construction of said building and that therefore the damages suffered by cross-complainants by reason of the breach of the timber contract are proper items of set-off under the statute, which damages the record discloses to the extent of $360.34."

It was therefore decreed that the original bill be dismissed, and that the cross-complainant, Burleson & Laws, recover under the cross-bill the sum of $120.84, and all the costs of the cause. The complainants, C. B. Voncannon & Company, have appealed to this court and have assigned errors.

It appears from the record that on April 10, 1923, Burleson & Laws, made a contract with Watkins to erect and complete a building in Johnson City by June 16, 1923, and that in the construction of this building they needed sixty-seven pieces of hemlock lumber

two and one-half inches thick, fourteen inches wide and twenty-four feet long, and sixty-seven pieces two inches thick, six inches wide and twenty-four or twenty-six feet long. On April 15 or 16, 1923, Burleson & Laws in person ordered this lumber, along with some other material, from complainant, Voncannon & Company, and explained fully that they had contracted to complete the building by June 16, 1923, and that they would need the lumber within thirty days, etc., and Voncannon & Company agreed and contracted to deliver it within said time. We fully agree with the Chancellor that time was of the essence of the contract between complainant and defendant with reference to the furnishing and delivery of this lumber.

Complainant, Voncannon & Company, ordered the lumber from a Mr. Pearson who had a mill at Linville, North Carolina. Pearson began sawing the lumber but the crankshaft of his engine broke and he had to send to Pennsylvania and get a new one. He got his mill back into operating condition as soon as it was reasonably possible to do so, but the lumber was not delivered to defendants until about July 1, 1923.

In the meantime defendant had gone forward with the construction of the building as far as possible without the lumber, but it was impossible to carry it more than one-third of the way to completion without the lumber, and work had to be stopped until the lumber was delivered. On account of the unusual length of the lumber it was impossible for defendant to go upon the market and buy it, and there was nothing defendant could do but stop work and wait until complainant could make the delivery. This it did, and as soon as the lumber was delivered, defendant completed the building without delay and as soon as it was possible for defendant to complete it. It is clear from the record that the sole cause of defendant's failure to complete the building on time was complainant's failure to deliver the lumber within the time it had agreed to deliver it.

Watkins brought suit against the defendant in the chancery court of Washington county and recovered a judgment against defendant on account of defendant's failure to complete the building on time, and defendant paid this judgment and costs—the amount paid being $360.34.

It should also be stated that of the amount sued for by complainant, i. e., $239.50, the sum of $212 or $215 was for lumber and materials which went into the Watkins building.

The main contention of the complainant is that defendant was neither entitled to "recoup" nor "set-off" said sum of $360.34, against its claim on its account against defendant, and that defendant was not entitled to recover said excess in this suit under its cross-bill. The argument is that the defendant's claim for damages is not a proper matter for "recoupment" or "set-off" because

it does not arise or grow out of the transactions sued upon by complainant and the damages claimed by defendant are not "liquidated."

Since the purchase price of the heavy lumber was a part of the account sued upon, and since $212, or $215, of the $239.50 sought to be recovered by complainant went into the Watkins building, we think the defendant's claim arose and grew out of the transactions sued upon by complainant, and that the defendant's claim was therefore one of "recoupment," rather than of "set-off." This being true, it was not necessary that the defendant's damages be "liquidated" within the meaning of that word as defined in The Arco Company v. Garner & Co., 16 Thompson 262, 227 S. W., 1025. It was sufficient that defendant's damages were capable of computation with reasonable certainty and precision, and as has been stated, defendant had already paid the judgment (with court costs) which had been rendered against it on account of its inability to complete the building on time. So there was nothing indefinite, uncertain, remote, speculative, etc., about the amount of the defendant's damages.

That defendant was entitled to a judgment under its cross-bill against complainant for the excess of its damages over the balance of the account sued upon by complainant has been held in Overton v. Phelan, 2 Head, 445, and Phoenix Iron Works Co. v. Phea, 38 S. W. 1079, and cases cited in footnote 67 to Shannon's Code, section 4640. See also section 4639.

Another assignment of error challenges the action of the Chancellor in permitting the defendant to amend an exhibit to the testimony of F. E. Laws, by appending thereto the certificate of the Clerk and Master that it was a true and correct copy, etc. The exhibit was the original judgment or decree (in the handwriting of Judge Haynes) in the cause of Watkins versus the defendant, awarding Watkins a recovery against defendant on account of defendant's failure to complete the building on time. The deposition of Laws was taken by consent on June 11, 1926, and the decree was, without objection, made Exhibit "B" to his testimony. It was filed on June 17, 1926. On September 9, 1926, on motion of defendant, an order was entered amending the exhibit by appending thereto the certificate of the Clerk and Master that it was a true and correct copy of the decree as entered upon the minutes. The final decree in the cause at bar recites that the cause was heard on September 13, 1926, and said final decree was entered on that date. So it cannot be said that the amendment was made during the trial of the cause, and was too late to permit the use of the certified copy of the decree in the Watkins case as evidence in the case at bar, as provided in Acts 1919, Ch. 130. This was a matter within the discretion of the Chancellor, and we fail to see wherein he abused his discretion or wherein

the complainant was prejudiced. The assignment of error is therefore overruled.

The remaining assignments of error are with reference to the introduction of evidence. The evidence, the introduction of which is complained of, was all immaterial and could not change the result reached, and the assignments are overruled.

It results that in our opinion there was no error in the decree of the lower court and the same will be affirmed with costs.

Portrum and Snodgrass, JJ., concur.